UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

MARGARET RINES )
 )
v. ) NO. 2:04-CV-333
 )
JO ANNE B. BARNHARDT, )
Commissioner of Social Security )

# MEMORANDUM OPINION

The plaintiff Margaret Rines has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt to deny her application for supplemental security income and disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Rines was born in 1955 and was 48 years old at the time of her supplemental administrative hearing. [Tr. 52, 633]. She has a GED and has relevant past work experience as a cashier, waitress, and telemarketer. [Tr. 15, 68]. Ms. Rines alleges she is disabled as of September 1, 2001, from neuropathy, pain from ruptured discs, and nerves. [Tr. 16]. Based upon a finding that her impairments were severe but not severe enough, the Administrative Law Judge [ALJ] found that Ms. Rines was not disabled as defined by the Social Security Act. [Tr. 16].

At Ms. Rines' administrative hearing held on November 12, 2003, the testimony of

Ms. Rines was received into evidence. [Tr. 611-27]. Ms. Rines testified her past employment included working in a convenience store and as a telemarketer. [Tr. 612]. She testified she is unable to work now because her feet are in "constant agony," and she is depressed. [Tr. 614]. Ms. Rines also experiences chest pain, an aching back, high blood pressure, migraine headaches, and irritable bowel syndrome. [Tr. 615-18].

A supplemental hearing was held on February 18, 2004. [Tr. 630-44]. Ms. Rines testified first, and she told the ALJ again about her work history as a cashier, telemarketer, and waitress. [Tr. 634]. The main change in her health since her previous hearing was a determination by her physician that she was borderline diabetic. [Tr. 636].

Vocational expert Dr. Robert Spangler testified next. [Tr. 641-44]. He testified her previous relevant work ranged between sedentary and medium unskilled. [Tr. 641]. The vocational expert was then asked to assume a person of Ms. Rines' age, education, and work background who was restricted to light work, could stand or walk for prolonged periods of time, and could only perform simple, unskilled, or low stress jobs. [*Id.*]. Dr. Spangler indicated such a person could work as a hand packer, weigher/sorter, production machine tender, and non-construction laborer. [Tr. 642]. If pain interfered with such a person's ability to concentrate on specific work tasks, she would be unable to work. [*Id.*]. In addition, if such a person had depression, poor memory, and a poor ability to concentrate or persist, Dr. Spangler indicated she would be unable to work. [*Id.*].

The ALJ ruled that Ms. Rines was not disabled because her medical impairments of mild peripheral neuropathy, multilevel degenerative changes of the lumbar spine, small disc

protrusion at L3-4, major depressive disorder, anxiety disorder not otherwise specified, and dysthymia were not severe enough. [Tr. 17]. He then found she could perform "light work which does not require prolonged standing and/or walking. Because of her mental disorder, she is restricted to simple, unskilled, low stress jobs." [*Id.*]. Such jobs included hand packer, grader/sorter, machine tender, and non-construction laborer. [Tr. 18].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

Ms. Rines requests a judgment on the pleadings and challenges the ALJ's failure to consider her impairments in combination, the standard the ALJ used to evaluate her pain, and the ALJ's finding that she retained the residual functional capacity [RFC] to perform a reduced range of light exertional work.

Ms. Rines first argues that the ALJ failed to consider her impairments in combination. Impairments have been considered in combination when the ALJ refers to them in the plural (i.e., impairments), focuses the claimant's RFC on more than one impairment, and asks a

3

hypothetical question that encompasses the impairments. *Loy v. Secretary of Health and Human Services*, 901 F.2d 1306, 1310 (6th Cir. 1990). The ALJ referred to Ms. Rines' impairments three times in his decision. [Tr. 17, 18]. The ALJ focused Ms. Rines' RFC on her back impairments and mental impairments. [Tr. 17]. Finally, the hypothetical questions the ALJ asked the vocational expert focused on Ms. Rines' back and mental impairments. [Tr. 641]. Based on the Sixth Circuit framework, the ALJ considered Ms. Baxley's impairments in combination.

Next, Ms. Rines contends the ALJ used an incorrect standard to evaluate her pain. Basically, this is an attack on the ALJ's credibility assessment. According to the ALJ, Ms. Rines did not "have a medically determinable impairment or combination of impairments which would be expected to result in severe or disabling pain." [Tr. 18]. The ALJ noted that Ms. Rines obtains relief with her medications. [*Id.*]. He also noted that Dr. Wayne Page, who examined her in connection with her application for disability benefits, indicated there were "no objective findings to correlate with [her] subjective complaints." [*Id.*]. And, Ms. Rines was discharged by her pain clinic physician for not following the proper protocol for using narcotic medication. [*Id.*]. The ALJ's credibility assessment was made with substantial evidence. This court will note, however, that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Finally, Ms. Rines argues the ALJ erred by finding she retained the RFC to perform a reduced range of light exertional work. According to the ALJ, Ms. Rines was restricted to simple, unskilled, low stress, light work which involved lifting/carry up to ten pounds

4

frequently and 20 pounds occasionally. [Tr. 17]. Ms. Rines was also restricted from work that required prolonged standing or walking. [*Id*.]. The ALJ indicated he based his decision upon the opinion of Dr. Page, state agency medical sources, and Ms. Rines' Global Assessment of Functioning [GAF] scores in the 65-70 range. [*Id*.].

In October 2002, Dr. Page indicated Ms. Rines had the ability to perform at least a full range of light exertion. [Tr. 346]. He found she had "no impairments related to hearing, speaking, vision or traveling." [*Id*.].

In November 2002, Dr. Reeta Misra, a state agency physician, evaluated Ms. Rines in connection with her application for disability benefits. [Tr. 347-52]. The doctor indicated Ms. Rines could perform more than light work and had no manipulative, visual, communicative, or environmental limitations. [Tr. 348, 350-51].

In April 2003, another state agency physician also indicated Ms. Rines could perform light work and had no manipulative, visual, communicative, or environmental limitations. [Tr. 405, 407-08].

Based on the above medical evidence, the ALJ's decision that Ms. Rines could perform a full range of light work was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Rines' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

5

s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                        SENIOR U. S. DISTRICT JUDGE